ALONZO LELAND *et al.*, Plaintiffs in Error, *v.* CITY OF PORT-
LAND, Defendant in Error.

*Multnomah County.*

1. To prove the dedication of a square to public use, when a map is relied
on as a proof of such dedication, it must appear to the jury that the
donors either made or recognised the map as correct, and assented to it.
2. A dedication of a square for the purpose of a market square in the city
of Portland, to be binding on the proprietors of the town site of said city,
must have been made since the act of Congress of the 27th of Septem-
ber, 1850.

THIS cause, tried in the Circuit Court of Clackamas county,
at the March term, A. D. 1861, was a proceeding on behalf
of the city of Portland, to recover from the plaintiffs in error
a certain block of lots in said city, which is claimed by the
city as a public market square dedicated by the proprietors
of the town site of said city for that purpose. The plaintiffs
in error claim title by virtue of a deed executed to them by
D. H. Lownsdale, one of the town proprietors, and whose
heirs at law now hold the patent for the land, on which the
block is situated, from the government of the United States.
The issue presented to the jury was as to whether there had
been a dedication, and the jury found that there had been,
and judgment was given for the city; and the defendants in
the court below assign as error certain rulings of that court,
on the introduction of evidence, which was objected to; and
exceptions were also taken to the instructions which the
court gave to the jury on the trial, all of which appear in the
bill of exceptions.

This block of lots is situated on the town site of Portland,
and the plaintiff in the court below claims that, when the
said town site was laid off into lots and blocks, this block was
designated on the map of the town then made, exhibiting said

Leland *v.* City of Portland.

survey of the site into blocks and lots, as a market square, and dedicated by said Lownsdale, and the other proprietors of the town site, for a public square for the use of the city. The town was laid off prior to the passage by Congress of the act commonly known as the "Donation Law," granting lands to the settlers in Oregon, which was approved and became a law September 27th, 1850, and so far as the marking on the map is concerned, it was also prior to that date. It appears by the bill of exceptions, that the evidence on the trial tended to show that prior to June, 1850, Lownsdale, Coffin and Chapman claimed to be the owners of the town site of the city of Portland, and that their joint ownership continued until about the latter part of the year 1852; that about May, 1852, Coffin and Chapman, two of the proprietors, employed one Short, as a surveyor, to survey and map said town site; that Short made such survey and map, and that on said map the block in dispute was colored and designated on the margin as "market square." The plaintiff below also offered evidence tending to show that Lownsdale recognized and approved that map, and other evidence tending to show that in June, 1850, Lownsdale, Coffin and Chapman, acting as joint proprietors, made a public sale of lots and blocks according to said map, and that persons purchased at said sale understanding that the block in question was set apart for public use as a market square, and paid the purchase prices and received deeds for the lots and blocks so purchased. There was also some evidence to show that subsequently, and after the passage of the act of 1850, Lownsdale, the grantor of said defendants, recognized that Short map. There was also evidence to show that another map, called the Brady map, had been made, copied from the Short map, which was also offered in evidence. Plaintiff proffered still another map, made by authority of the city in 1855 by one A. G. Henry. To the introduction of these maps the defendants objected, but the court overruled the objections, and admitted the maps in evidence to the jury; to which ruling of the court the defendants excepted.

*G. H. Williams, Esq.,* for plaintiffs in error.

*D. Logan, Esq.,* for city.

BOISE, C. J.   So much of the evidence, reported in this case, has been given as above, in order to a more full and clear understanding of the question of the propriety of admitting the maps to the jury.   As to the Short map it is impossible to tell from the evidence furnished in the bill of exceptions, whether or not it was recognized and acted on by Lownsdale, subsequent to September 27, 1850.   If it were so recognized and acted upon, it was properly admitted; if not, then I think its admission improper—and the question whether or not Lownsdale did recognize and approve said map was a proper question for the jury under the instructions of the court.   If the map was relied on to show a dedication, that dedication must be shown to have been made since the act of September 27th, 1850, for any acts before that time, affecting the disposal of lands in Oregon, were simply void, for the want of any title to them at that time in the citizens of the then territory of Oregon, the title yet being in the United States, and consequently unaffected by the acts of private citizens. (*Parrish* v. *Lownsdale et al.,* 21 *Howard, U. S. S. C., p.* 290.)   As to the Brady map I think it was improperly admitted, unless there was evidence tending to show that Lownsdale examined and approved of it in respect to its designation of the block, which does not appear.   The map made by Henry, as far as appears, was never acknowledged by Lownsdale, or the defendants, to be correct, and was simply evidence which plaintiff made for itself, and should not have been admitted.   The next question presented is, did the court below err in refusing to instruct the jury, that a dedication of the property in question to be binding, and to divert the title from the donor to the public, must have been since the 27th of September, 1850.   I regard this question as settled by the case in 21 *Howard,* above, which case

arose on the question of the dedication of the levee in this same city of Portland, and by these same proprietors of the town site, and was governed by the same considerations in this respect, as governs this case, where it was held that a dedication, made prior to the act of 27th September, 1850, was void for want of any title in the donors at the time of dedication, the title then being in the United States.

There is one other question in the assignment of errors, which is, can the city of Portland recover in this form of action, the possession of this property, *provided,* the same was dedicated as claimed? It is insisted that the city should go into chancery to vindicate the claim of the city corporation to the public squares of the city. The statutes, under which this suit was brought, provides in the first section "that any person having a valid subsisting interest in real property, and a right to the immediate possession thereof, may recover, &c., in this form of action." It seems to me there can be no question but the corporate authorities of the city of Portland are the proper possessors of its public squares, and may maintain suit for the recovery thereof; and the allegations that the plaintiff has a fee in the premises is qualified by the statement in the complaint of the uses for which the city authorities claim the land.

Judgment is reversed, and new trial ordered.